14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Johnnie VEAL, Plaintiff-Appellant,
v.
Michael P. LANE, Joseph Galassie, John Doe Springfield, et
al., Defendants-Appellees.
 No. 92-1458.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 26, 1993.
Decided Dec. 7, 1993.
Rehearing and Suggestion for Rehearing En Banc
Denied March 22, 1994.
 
 1
 Before BAUER and COFFEY, Circuit Judges, and WALTER JAY SKINNER, Senior District Judge*.
 
 ORDER
 
 2
 Johnnie Veal is a prisoner in the Illinois Circuit Rider Program. Inmates in this program are segregated from the general prison population and are frequently transferred between institutions. Veal appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint, alleging that the program violates his constitutional rights under the Eighth Amendment's prohibition on cruel and unusual punishment and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Because we find that the district court's judgment was entered prematurely and because we find that Veal's allegations state a claim upon which relief may be granted, we reverse and remand.
 
 I.
 
 3
 Inmates in the Circuit Rider Program are subject to prolonged periods of solitary confinement and are frequently transferred between correctional facilities. Placement in the program may be imposed as discipline for rules infractions or for administrative reasons such as the inmate's own safety. When imposed as discipline, segregation may result in the loss of good-time credit.
 
 
 4
 Since being segregated in the Circuit Rider Program on June 1, 1987,[1] Veal, a black inmate, has been confined to his cell between 162 and 166 hours a week, released only for two showers and five hours of exercise weekly. He is transferred between various state correctional facilities approximately once every month. Veal claims that his cells have been rat- and roach-infested and that he has not been given adequate sanitation materials to clean his cell. As a consequence of his segregation, Veal is unable to participate in any of the educational or rehabilitational opportunities available to other inmates. Veal also alleges that since being in segregation, he has been harassed continuously by the prison staff and has been denied adequate medical care. Veal's complaint concludes that the aggregation of all these factors when combined with the nature and duration of his confinement amounts to cruel and unusual punishment.
 
 
 5
 Furthermore, Veal claims that he was placed in segregation without any notification of why he was there and has been given no opportunity to present his side of the story.[2] He is not sure when he will be released into the general prison population and fears that he has lost a substantial amount of good-time credit. The State's failure to give him notice or a hearing before placing him into segregation is the basis of Veal's due process claim.
 
 
 6
 In Counts III and IV of his complaint, Veal alleges that the State treats black prisoners more harshly than other prisoners and that Veal as well as other black Circuit Riders were segregated at least in part because they were black. Veal therefore seeks to advance an equal protection claim both individually and on behalf of this class.
 
 
 7
 The district court dismissed most of Veal's claims stating that with the exception of the allegation concerning the conditions of his cells, Veal's contentions failed to raise a constitutional issue. The State moved for summary judgment on the remaining question of whether the prisons' cell conditions were unconstitutionally unhealthy and the court found in favor of the State. The dismissal and the summary judgment decisions addressed only the Eighth Amendment and due process claims. The parties agree that the equal protection claims remain unresolved.
 
 II.
 
 8
 Turning our attention to the action taken by the district court, we review the dismissal of Veal's complaint de novo, assume that all well-pleaded factual allegations are true, and make all possible inferences in favor of Veal. Dowlatshahi v. Motorola, 970 F.2d 289, 290 (7th Cir.1992). As for the granting of summary judgment, we also apply a de novo standard, and affirm only if there is no genuine issue of material fact. Thomason v. Aetna Life Ins. Co., No. 93-1128, slip op. at 1 (7th Cir. Nov. 9, 1993).
 
 A. Eighth Amendment
 
 9
 In determining whether prison conditions constitute cruel and unusual punishment, a court must focus on the totality of the conditions of confinement. DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir.1988); Meriwether v. Faulkner, 821 F.2d 408, 416 (7th Cir.), cert. denied, 484 U.S. 935 (1987). Included in this determination should be a review of the nature and duration of the confinement. In Meriwether v. Faulkner, we considered whether a claim by a transsexual inmate alleging prolonged administrative segregation was properly dismissed for failing to state a claim. In reversing the district court's dismissal, we held that although "prolonged confinement in administrative segregation does not constitute a violation of due process, it may constitute cruel and unusual punishment in violation of the Eighth Amendment." Meriwether, 821 F.2d at 415.
 
 
 10
 When the district court in this case stated, "placement of the plaintiff in disciplinary/administrative segregation does not violate a constitutionally recognized right," it failed to consider Meriwether. The State's response is that Meriwether applies only to administrative segregation and Veal's confinement was purely for disciplinary reasons. In its reading of Meriwether, the State is indeed correct. We are not, however, persuaded that the question of whether Veal's segregation was for administrative or disciplinary reasons has ever been settled. In its motion to dismiss, the State seems to concede that at least a portion of Veal's confinement was for administrative reasons. The confusion over Veal's status alone merits further proceedings. Accordingly, we reverse the district court's dismissal order and its decision on summary judgment.[3]
 
 B. Due Process
 
 11
 The Supreme Court has held that where state law allows prisoners to accumulate good-time credit or where state law permits segregation as a punishment for disciplinary violations, any attempt to revoke good-time credit or to punish a prisoner by confinement implicates the prisoner's liberty interest. Wolff v. McDonnell, 418 U.S. 539 (1974) (good-time credit); Hughes v. Rowe, 449 U.S. 5 (1980) (disciplinary segregation). Before being deprived of this liberty interest, the Fourteenth Amendment Due Process Clause demands that the prisoner be given certain procedural protections. Specifically, the prisoner is entitled to (1) advance written notice of the alleged violation (at least 24 hours prior to the hearing); (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence (to the extent consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir.1992).
 
 
 12
 Veal asserts that he received none of these before being placed in segregation. The State does not seem to dispute this, but instead seems to rely on their belief that because Veal's segregation was initially for administrative purposes only, no procedural safeguards were necessary. Yet even if Veal's confinement was initially for administrative reasons, this does not excuse the State from providing due process protections once his segregation is imposed as discipline.
 
 
 13
 The State's dilemma here is evident. If Veal's six year segregation is for disciplinary purposes, the failure to provide him with adequate notice and hearing could subject the State to a due process-based action. On the other hand, if the State classifies Veal's confinement as administrative, the prolonged duration of his term alone might constitute an Eighth Amendment violation. In either case, Veal's complaint clearly is sufficient to withstand a motion to dismiss and we must, therefore, reverse.
 
 C. Equal Protection
 
 14
 Having reviewed the action of the district court, we will turn to the court's inaction with respect to Veal's equal protection claims. Neither side disputes that this issue was left untouched by the district court. At oral argument, counsel for both parties agreed that it would be appropriate for us to hold the district court's judgment as prematurely entered and remand the case for proceedings on this issue. Therefore, in light of our disposition of this case on the Eighth Amendment and due process issues, the district court should consider the equal protection claims in the first instance.
 
 III.
 
 15
 Because we find Veal's complaint states a claim upon which relief may be granted, the district court's dismissal and its ruling on summary judgment are reversed and this case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Walter Jay Skinner, Senior District Judge for the District of Massachusetts, is sitting by designation
 
 
 [1]
 Veal previously served time in solitary confinement from March 25, 1985 to May 1, 1987. At that time, Veal was given an opportunity to respond to the State's decision to place him in segregation. When his grievance was denied by an administrative review board, he filed a complaint against the State challenging the conditions of his confinement. The district court eventually dismissed his Eight Amendment-based claim after finding that Veal's confinement was administrative only for the first five months and thereafter was imposed as discipline. Veal v. Thieret, et al., No. 85-3265 (S.D.Ill. June 28, 1989)
 In this action, Veal challenges only his confinement from June 1, 1987 to the present.
 
 
 [2]
 It is not apparent from the record how much of Veal's segregation was for administrative reasons and how much was for disciplinary reasons
 
 
 [3]
 Because Eighth Amendment review of allegations of poor prison conditions must be conducted using the "totality of conditions" standard, we also reverse the district court's summary judgment order so that Veal's allegation of pest-infested cells can be considered in light of Meriwether 's discussion of prolonged administrative segregation